## CLARKE v. KELLEY.

Circuit Court of Appeals, Eighth Circuit.
April 18, 1927.

No. 7537.

**1. Corporations ⊜98—Record owner of stock is presumed to be real owner.**

Legal presumption is that record owner of stock is real owner, and he has the burden of proving the contrary.

**2. Husband and wife ⊜232(3)—Evidence held to sustain finding wife knew of and ratified transfer of stock to her by her husband.**

In suit against wife for assessment as stockholder in failed national bank, evidence *held* to support finding that wife knew of and ratified transfer of stock to her by her husband.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action at law by Burdette Kelley, receiver, against Myrta E. Clarke. Judgment for plaintiff, and defendant brings error. Affirmed.

Edgar M. Morsman, Jr., of Omaha, Neb. (Morsman, Maxwell & Haggart, of Omaha, Neb., on the brief), for plaintiff in error.

George Doane Keller, of Omaha, Neb. (Keller & Keller, of Omaha, Neb., on the brief), for defendant in error.

Before STONE and KENYON, Circuit Judges, and POLLOCK, District Judge.

STONE, Circuit Judge. This is error from a judgment against Mrs. Myrta E. Clarke for an assessment as a stockholder in a failed national bank.

The sole question here, as below, is wheth-

er she was such stockholder. This is a question of fact. Her husband was the principal stockholder in the First National Bank of Torrington, Wyo., until about July 1, 1920. About that date, he turned in his certificates of stock and caused new certificates therefor to be issued in the name of his wife. There is no evidence that she knew of this transaction and the testimony of her husband and herself is that she did not. In fact, both testify that she never had any knowledge that such had been done or that she was a record stockholder and that he always retained possession of the new certificates. The evidence is undisputed that she executed proxies for the annual stockholders' meetings for the years 1921, 1922, 1923 and 1924. Her explanation of this is that the names of the bank and of the proxy were blank when she signed them. September 17, 1924, her husband pledged this and other property to secure certain indebtedness. Shortly before this date, she indorsed the stock certificate and also executed (with him) deeds to real estate, some of which stood in her name and all of which was included in the above pledge.

[1, 2] We think the legal presumption is that the record owner of stock is the real owner and the burden of proof is upon such record owner to, show the contrary. The evidence here leaves the matter doubtful. But the trial court who saw the witnesses and heard their testimony has decided that she did ratify the issuance to her of these certificates. We think his finding is supported. Such dealings between husband and wife are necessarily secret and should be closely scrutinized and regarded as doubtful where they do not accord with outside facts and circumstances which are established by the testimony and where such doubtful position accords with the interests of the parties, as here. To do otherwise, opens the door wide to fraud. It would enable the couple to put the ownership in either, just as their best interests later develop.

The judgment should be and is affirmed.